# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

ROBERT THOMAS                                                          **PETITIONER**

v.                                                                            **No.  2:06CV23-M-A**

**STATE OF MISSISSIPPI, ET AL.**                                         **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of inmate Robert Thomas (# 76411) for a writ of *habeas corpus* under 28 U.S.C. § 2254.  The state moved on June 7, 2006, to dismiss the instant petition for failure to exhaust.  The petitioner has not responded.  The matter is ripe for resolution.  For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed for failure to exhaust state remedies.

### Facts and Procedural Posture

By judgment filed July 12, 2001, in Cause Number 2001-23, the Circuit Court of Coahoma County, Mississippi, accepted the petitioner's guilty plea for one count of auto theft and sentenced petitioner to serve one year in the custody of the Mississippi Department of Corrections with four (4) years of post-release supervision.  The court ordered that sentence to run consecutively to all sentences previously imposed.  The circuit court revoked the petitioner's post-release supervision and ordered petitioner to serve the previously suspended four-year term in the custody of the Mississippi Department of Corrections.  As did the sentencing order, the revocation order provided that the sentence to be served consecutively to any and all sentences previously imposed. Thomas then raised the issue of his revocation and requested relief through the Mississippi Department of Correction's Administrative Remedy Program (ARP).  The

petitioner did not, however, complete the three-step program, and his case was closed.

## Discussion

In the instant federal petition, the petitioner challenges the revocation of his post-release supervision in Cause No. 2001-23. The petitioner is precluded from habeas review of the revocation due to his failure to exhaust state court remedies. While the petitioner Thomas is now foreclosed from seeking an administrative remedy for the alleged unlawful revocation, postconviction collateral relief is still a viable option for challenging the revocation of petitioner's post release supervision. The petitioner has a remedy available to him under the Mississippi Uniform Post-Conviction Collateral Relief Act, MISS. CODE ANN. §§ 99-39-1, *et seq.* Section 99-39-5(1)(g) provides for relief based upon a claim "[t]hat [the prisoner's] sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody[.]" MISS. CODE ANN. § 99-39-5(1)(g) (Rev. 2000).

The petitioner has not sought relief in state court via a motion for post-conviction relief challenging the revocation of post release supervision. The petitioner thus has not exhausted state court remedies. Indeed, he cannot do so except by filing a petition for post-conviction collateral relief with the Coahoma County Circuit Court – then prosecuting that state petition until he either gets the relief he seeks – or the claims are considered and rejected by the Mississippi Supreme Court. As the case now stands, the petitioner has not exhausted his state court remedies.

The court hereby cautions the petitioner that the limitations period for filing a federal petition for *habeas corpus* in this matter is ticking away, and the petitioner must proceed with diligence in seeking postconviction relief in state court to avoid the one-year federal limitations

period. The filing of the instant *federal* petition ***does not toll*** the one-year statute of limitations. *Duncan v. Walker,* 533 U.S. 167, 121 S.Ct. 2120, 2129 (2001). In sum, the instant petition for a writ of *habeas corpus* shall be dismissed for failure to exhaust state remedies under 28 U.S.C. §2254(b)(1) and (c). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 19th day of October, 2006.

        **/s/ Michael P. Mills**
        **UNITED STATES DISTRICT JUDGE**